UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZURINAH PERRY, | : | |
| Plaintiff, | : | Civ. No. 17-6676 (ES) (MAH) |
| v. | : | |
| ADT LLC, SCOTT SHAY, MASUD CHOWDHURY, ABDUL MAHBUT, ANOTHONY BUISON, JOHN DOES (5-10) (fictitious names of unknown persons) and ABC COMPANIES (1-10) (fictitious names of unknown entities), | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

## I.  INTRODUCTION

This matter is presently before the Court on the motion of Plaintiff, Zurinah Perry, to remand the action to the Superior Court of New Jersey Law Division, Middlesex County.  *See* Plaintiff's Motion to Remand, D.E. 6.  The District Court referred this matter to the Undersigned to issue a Report and Recommendation.  This Court has considered the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth herein, the Court respectfully recommends that the District Court grant Plaintiff's motion and remand this matter to the Superior Court of New Jersey, Law Division, Middlesex County.

## II.  BACKGROUND

Plaintiff, Zurinah Perry, is a resident of New Jersey and a former full-time employee of Defendant ADT LLC ("ADT").  Complaint, D.E. 1-1, at page 1 & ¶8; Civil Case Information

Statement, D.E. 6-1, at 32.[1]  ADT is a limited liability company that provides "home and business electronic monitoring and automation services across the United States and Canada." ADT's headquarters is in Florida, and it maintains two New Jersey offices.  *Id.* ¶1.  Plaintiff worked full time at ADT as a Residential Sales Representative.  *Id.* ¶8.

Plaintiff commenced this action on May 12, 2017 in the Superior Court of New Jersey, Law Division, Middlesex County.  *See* Civil Case Information Statement, D.E. 6-1, at 32.  Plaintiff alleges that while she was employed at ADT, she suffered discrimination and a hostile work environment based on her race and gender, in violation of the New Jersey Law against Discrimination ("NJLAD").  *See generally* Complaint, D.E. 1-1.  The Complaint includes several individual defendants in addition to ADT.  Plaintiff alleges that Defendant Scott Shay is a resident of Staten Island, New York, was employed as a Residential Sales Manager at ADT, and

---

[1] Unless otherwise noted, the factual background is derived from the Complaint removed to this Court.  Plaintiff filed an Amended Complaint on September 29, 2017, *see* D.E. 5, the same day she filed the instant motion to remand, *see* D.E. 6.  The parties disagree on which version of the complaint this Court should consider in resolving Plaintiff's motion to remand. The primary difference between the original Complaint and the Amended Complaint is that the Amended Complaint adds claims against Defendant Buison for assault and battery.  *See* Amended Complaint, D.E. 5, ¶¶ 127-146.

The Third Circuit has clearly stated that a fraudulent joinder analysis must be based on the allegations of the complaint at the time of removal. *See Hogan v. Raymond Corp.,* 536 F. App'x 207, 211 (3d Cir. 2013); *see also Briscoe,* 448 F.3d at 217 ("We have stated numerous times that, in applying the fraudulent joinder doctrine, 'the district court must focus on the plaintiff's complaint at the time the petition for removal was filed.'") (quoting *Batoff,* 977 F.2d at 851); *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir. 1985) (citing *Pullman Co v. Jenkins*, 305 U.S. 534, 537 (1939); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 264 & n. 16 (5th Cir. 1995) (explaining the rationale for this requirement).  Accordingly, the Court will rely on Plaintiff's original Complaint, D.E. 1-1.  As the discussion below makes clear, however, the Court's recommendation would be the same even if the Court relied on the Amended Complaint.   In short, the Court concludes that Plaintiff did not fraudulently join Defendant Masud Chowdhury and that, as a result, diversity of citizenship does not exist. Accordingly, the Court need not reach Plaintiff's claims against Defendant Buison for purposes of the joinder analysis.

was Plaintiff's supervisor. *Id*. ¶4. Plaintiff alleges that Defendant Masud Chowdhury is a resident of Edison, New Jersey and was employed as a Team Leader of the Residential Sales Team at ADT. *Id*. ¶5. Plaintiff further alleges that Defendant Abdul Mahbut resides in Edison, New Jersey and was employed as a Residential Sales Representative. *Id.* ¶6. Plaintiff alleges that Defendant Anthony Buison resides in Scotch Plains, New Jersey and was employed at ADT as a Residential Sales Representative. *Id.* ¶7.

On September 1, 2017, Defendants removed this case from state Court based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). *See* Notice of Removal, D.E. 1. In the Notice of Removal, Defendants contended that Plaintiff fraudulently joined Defendants Chowdhury, Mahbut and Buison in order to defeat diversity jurisdiction, and that the Court should disregard their citizenship in its analysis under § 1332. *See* Notice of Removal, D.E. 1, ¶9. On September 29, 2017, Plaintiff filed an Amended Complaint that, as noted above, added assault and battery claims against Defendant Buison. *See* Amended Complaint, D.E. 5. Plaintiff also moved to remand on September 29, 2017. Plaintiff argues that she did not fraudulently join the individual defendants because she has cognizable claims against them under NJLAD and New Jersey common law.

### III. Analysis

As an initial matter, the Court notes that a decision to remand is dispositive. *In re U.S. Healthcare,* 159 F. 3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). Accordingly, this Court addresses Plaintiff's motion via Report and Recommendation.

### A. Diversity

The party seeking removal on the basis of diversity must demonstrate that the matter satisfies the requirements of removal under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. When jurisdiction is predicated on diversity of citizenship under § 1332, it "requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re. Briscoe,* 448 F.3d 201, 215 (3d Cir. 2006). In most cases, if any plaintiff and any defendant share citizenship, complete diversity will be defeated. *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365 (1978); *Grand Union Supermarkets of the Virgin Isl., Inc., v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 410 (3d Cir. 2003).

Here, Plaintiff contends that the Defendants' removal is jurisdictionally improper as a lack of complete diversity deprives the Court of subject matter jurisdiction. Defendants argue, however, that the fraudulent joinder exception applies as to the non-diverse Defendants Chowdhury, Mahbut, and Buison, thus there is complete diversity.[2]

### B. Fraudulent Joinder

Fraudulent joinder is "an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d at 215-16. If a court finds that joinder of a non-diverse party is not fraudulent, it must remand the case to state court. *Id.* at 216. If, however, the defendant's joinder was fraudulent, the Court may disregard the defendant's

---

[2] The Court notes that the non-diverse Defendants have been parties since the inception of this case; they are listed in the original complaint and as far as this Court can tell were never "joined." *See* D.E. 1-1. It was not the case that upon removal to Federal Court Plaintiff amended her complaint to add these non-diverse parties.

citizenship, assume jurisdiction, dismiss the defendant, and then properly retain jurisdiction over the case. *Id.* (citing *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999).

A fraudulent joinder occurs "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a join judgment." *Brown v. Jeric*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *In re. Briscoe*, 448 F.3d at 217). In *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992), the Third Circuit made clear that the removing party "carries a heavy burden of persuasion" in demonstrating fraudulent joinder, because "removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *See also Brown,* 575 F.3d at 326 (noting that party seeking removal bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court") (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993)). Accordingly, a district court assessing an allegation of fraudulent joinder "must rule out any possibility that a state court would entertain the cause before holding that joinder of a non-diverse defendant was fraudulent." *In re. Briscoe,* 448 F.3d at 219.

Like a motion to dismiss, when considering a motion to remand, a "'district court must assume as true all factual allegation in the complaint.'" *Freichs v. Lifestar Response Corp.,* Civ. No. 09-4460, 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009) (quoting *Brown* 575 F.3d at 327). However, unlike a motion to dismiss, the standard used to assess whether a claim is colorable is "significantly more forgiving. . . ." *Id*. A district court must "'pierce the pleadings to determine whether a plaintiff has asserted a colorable claim against the non-diverse defendant.'" *Id.* at *2 (quoting *in re. Briscoe,* 448 F.3d at 218). A claim is considered "colorable" when it is not "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 852. In other words, "if there is even a

possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *In re. Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851). Any questions of the current state of the law must be resolved in favor of the plaintiff. *Id.* (quoting *Batoff*, 977 F.2d at 851).

The party attempting to remove the matter bears "a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Brown*, 575 F.3d at 326 (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044-45 (3d Cir. 1993)). When evaluating fraudulent joinder, the court must "focus on the plaintiff's complaint at the time the petition for removal was filed" and "assume as true all factual allegations of the complaint," as well as "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851-52. A court must avoid "step[ping] from the threshold jurisdictional issue into a decision on the merits" when considering facts outside the pleadings. *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 112 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). Indeed, in *Batoff,* the Third Circuit concluded that the district court erred by assessing the merits of the plaintiff's claims in conducting the fraudulent joinder analysis, and noted that "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852. *See also In re. Briscoe*, 448 F.3d at 218 (quoting *Batoff*).

Plaintiff alleges that Defendant Chowdhury is Plaintiff's supervisor and therefore may be held individually liable under the NJLAD. Further, Plaintiff alleges that she has a claim of assault and battery against Defendant Buison, which is "sufficient to negate Defendant's claim of

fraudulent joinder as assault and battery claims against a non-diverse party defeat diversity jurisdiction." *See* Movant Br., D.E. 6-4, at 10.

The Court will first consider whether Plaintiff fraudulently joined Defendant Chowdhury. The New Jersey Appellate Division has held that an individual can be held liable under NJLAD only if that individual holds a supervisory position. *Herman v. Coastal Corp.,* 348 N.J. Super. 1, 27 (App. Div. 2002). Defendants argue, however, that Chowdhury was not a supervisor.[3]

Under New Jersey law, the determination of whether an individual is a supervisor under NJLAD is a fact-driven inquiry. In *Aguas v. State of New Jersey*, 220 N.J. 494, 501, 525-29 (2015), the New Jersey Supreme Court, borrowing from the Equal Employment Opportunity Commission, defined a supervisor as "'[a]n individual who is authorized to direct another employee's day-to- day work activities'. . . 'even if that individual does not have the authority to undertake or recommend tangible job decisions.'" *Id*. at 527 (quoting U.S. Equal Emp't Opportunity Comm'n. No. 915.002 Enforcement Guidance on Vicarious Liability for Unlawful Harassment by Supervisors 3-5 (June 18, 1999)). In reaching that conclusion, the New Jersey Supreme Court rejected the narrower definition espoused by the United States Supreme Court in *Vance v. Ball State University*, 570 U.S. 421, 133 S. Ct. 2434, 2443 (2013). *Id.* at 528. That standard is limited to supervisors empowered "to take tangible employment actions against the victim" such as "'hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Vance*, 133 S. Ct. at 2443 (quoting *Burlington Indus. v. Ellerth,* 524 U.S. 742, 761 (1998)). The court in *Aguas*

---

[3] The Complaint makes several allegations against Defendant Chowdhury that would qualify as acts of discrimination and harassment under NJLAD. *See, e.g.*, Complaint, D.E. 1-1, ¶¶23-26, 32. Defendants do not contend that these allegations do not constitute discriminatory or harassing acts. Instead, they argue that Defendant Chowdhury was not a supervisor and, therefore, cannot be individually liable under NJLAD.

reasoned that its broader definition of supervisor recognized that an employee could function in a supervisory capacity absent the power to hire and fire, and that employers should "focus attention not only on an elite group of decision-makers at the pinnacle of the organization, but on all employees granted the authority to direct the day-to-day responsibilities of subordinates. . . ." *Aguas*, 220 N.J. at 528.

Having considered the standard for fraudulent joinder and the New Jersey courts' standard for a supervisor in the context of NJLAD, the Court concludes that Plaintiff did not fraudulently join Defendant Chowdhury. First, the Complaint pleads that he was "a team leader of the Residential Sales Team[,]" and thereby distinguishes his position at ADT from Residential Sales Representatives such as Plaintiff and Defendants Mahbut and Buison. Complaint, D.E. 1-1, ¶¶5-8. Plaintiff also has sworn in her Certification that Chowdhury functioned as a supervisor. *See* Certification of Zurinah Perry, Sept. 22, 2017, D.E. 6-2 ("Perry Certif."). Specifically, Plaintiff certifies that "Chowdhury directed my day-to-day activities in the workplace throughout my employment with ADT, LLC." *Id.* ¶4. She further states that Chowdhury "provided me with direction as to how I should perform my job[,]" and "directed me with how to present or close sales that I was working on. For example, Mr. Chowdhury would direct me on what to say to potential customers concerning what equipment to offer and how to offer it. He would also direct me in obtaining necessary approvals concerning the pricing and discounts to be included in sales proposals." *Id.* ¶¶8, 10. Additionally, Plaintiff states that Chowdhury "also provided me with sales leads and decided whether sales leads would be distributed to me." *Id.* ¶12. Finally, Plaintiff certifies that "[i]t is my belief that Mr. Chowdhury had the authority to recommend tangible employment actions affecting my employment." *Id.* ¶14.

The allegations of the Complaint and Plaintiff's Certification persuade the Undersigned that Defendants have not met their heavy burden to establish fraudulent joinder of Defendant Chowdhury.  Plaintiff has presented at least a plausible case for holding Defendant Chowdhury liable as a supervisor.  At a minimum, it is not "wholly insubstantial and frivolous" when measured against the *Aguas* court's inclusive standards for a supervisor.  *Batoff*, 977 F.2d at 852.  For example, she alleges that Chowdhury, as Team Leader, directed her daily activities and determined whether she would receive sales leads, and that she believed he could recommend "actions affecting [her] employment."  Perry Certif. ¶¶8, 12, 14.  Whether Plaintiff can prove those allegations is not the question before this Court; nor is whether those allegations would withstand a motion to dismiss in state court.  In fact, this Court must refrain from conducting a merits inquiry into Plaintiff's allegations.  *Batoff*, 977 F.2d at 851-52.  The question before this Court is solely whether Plaintiff's claims against Defendant Chowdhury possibly state a cause of action under NJLAD.  *In re. Briscoe*, 448 F.3d at 217.  This Court finds that the claims satisfy that standard.  Moreover, to the extent there is any question as to whether New Jersey law extends the definition of a supervisor to Chowdhury, the Third Circuit has instructed that question must be resolved in favor of remand.  *Id.*

For the reasons set forth above, the Court concludes that Defendants have not met their burden of showing that Plaintiff fraudulently joined Defendant Chowdhury.  Because Defendant Chowdhury is a citizen of the State of New Jersey and a non-diverse defendant, there is no subject matter jurisdiction under § 1332(a).  Accordingly, remand is appropriate and the Court need not consider whether Plaintiff fraudulently joined the other individual defendants.

### IV.     CONCLUSION

For the reasons set forth above, this Court respectfully recommends that the District Court grant Plaintiff's motion to remand, and remand this matter to the Superior Court, Law Division, Middlesex County.

The parties are reminded that they have fourteen (14) days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Civil Rule 7.1(c)(2).

<u>Michael A. Hammer</u>
**UNITED STATES MAGISTRATE JUDGE**

Date:     January 23, 2018