UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| ZURINAH PERRY,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ADT LLC, SCOTT SHAY, MASUD CHOWDHURY, ABDUL MAHBUT, ANTHONY BUISON, JOHN DOES (5-10) (fictitious names of unknown persons) and ABC COMPANIES (1-10) (fictitious names of unknown entities),<br><br>　　　　　　Defendants. | CASE NO: 2:17-cv-06676-ES-MAH<br><br>Civil Action<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT ADT LLC'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

---

Pursuant to Fed. R. Civ. P. 72(b), Plaintiff Zurinah Perry ("Perry" or "Plaintiff") submits her response to Defendant ADT LLC's Objections to The Honorable Michael A. Hammer, U.S.M.J.'s Report and Recommendation, dated January 23, 2018. (Docket Entry No. 11). Plaintiff respectfully submits that this Court accept the Magistrate Judge's Report and Recommendation and grant Perry's Motion to Remand. (Docket Entry No. 6).

**THE MAGISTRATE JUDGE PROPERLY CONCLUDED THAT PLAINTIFF DID NOT FRAUDULENTLY JOIN DEFENDANT MASUD CHOWDHURY AND RECOMMENDED REMAND.**

In considering a motion to remand, a "district court must assume as true all factual allegations in the complaint." Freichs v. Lifestar Response Corp., 2009 WL 3754190, at *2 (D.N.J. Nov. 5, 2009)(quoting Brown v. Jevic, 575 F.3d 322, 326 (3d Cir. 2009)); see also Steel Valley Author. V. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987). "If there is even a

1

remote possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court **must** find that joinder was proper and remand the case to state court." In re Briscoe, 448 F.3d 201, 217 (3d Cir. 2006)(quoting Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)(emphasis added)).

Defendant's sole argument in its Objections is that Plaintiff failed to plead facts to support Defendant Masud Chowdhury's ("Chowdhury") status as a supervisor. Indeed, Plaintiff's Complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Taking the Complaint on its face, Plaintiff pled that Defendant Chowdhury "was employed as a team leader of the Residential Sales Team." (Docket Entry No. 1-1 at p. 2, ¶5.) This is quite distinct from Plaintiff's pleadings referencing Defendant Abdul Mahbut and Defendant Anthony Buison as "Residential Sales Representative[s]." (Docket Entry No. 1-1 at pp. 2-3, ¶¶6-7). Such a distinction is sufficient to place Defendants on notice of Plaintiff's allegation that Defendant Chowdhury holds a leadership role in connection with the Residential Sales Team.

In rendering his Report and Recommendation, the Magistrate Judge properly hinged his decision on this distinction in Plaintiff's pleadings wherein the Court concluded that Plaintiff pled that Defendant Chowdhury was "'a team leader of the Residential Sales Team[,]' and thereby distinguishes his position at ADT from Residential Sales Representatives such as Plaintiff and Defendants Mahbut and Buison". (Docket Entry No. 11 at p. 8).

Plaintiff's allegation in the Complaint that Defendant Chowdhury is a "team leader" is sufficient at the pleading phase of litigation to withstand a fraudulent joinder analysis. For the purposes of this inquiry the definition of "team leader" as defined by various sources includes:

2

(1) Someone who provides guidance, instruction, direction and leadership to a group of other individuals (the team) for the purpose of achieving a key result or group of aligned results. Wikipedia, the Free Encyclopedia, Team Leader, at https://en.wikipedia.org/wiki/Team_leader (last visited October 25, 2017).

(2) The person in charge of a team. Cambridge Dictionary, Team Leader, at https://dictionary.cambridge.org/us/dictionary/english/team-leader (last visited October 25, 2017).

(3) A person who leads a sports team, or a team of employees. English Oxford Living Dictionaries, Team Leader, at https://en.oxforddictionaries.com/definition/team_leader (last visited October 25, 2017).

(4) Someone who provides guidance, instruction, direction and leadership to a group of other individuals (the team) for the purpose of achieving a key result or group of aligned results. The Free Dictionary, Team Leader, at https://encyclopedia.thefreedictionary.com/team+leader (last visited October 25, 2017).

Defendant relies on Aguas to assert that Plaintiff's pleadings are insufficient. In Aguas, the Court found that job titles are not relevant to determine an employee's supervisory status, but that a plaintiff must establish specific facts that the employee had the authority to take or recommend tangible employment actions affecting the complaining employee or to direct the complainant's day to day activities in the workplace. Aguas v. State of New Jersey, 220 N.J. 494, 525-29 (2015). Indeed, Aguas requires a fact-sensitive inquiry and analysis into the employee's job function. Id. at 526. However, such a factual determination is not required and cannot be made at the initial pleading stage of litigation based upon the simple requirements of "a short and plain statement" but can only develop following the provision of discovery[1].

---

[1] To the extent Defendant ADT LLC alleged the pleadings failed to specify the allegations in a manner that provides sufficient notice, it had remedies available to it such as moving to dismiss or for a more definite statement. However, Defendant ADT LLC did not pursue any of these remedies, but instead filed an Answer. (Docket Entry No. 8).

3

While a determination on the merits requires more than mere factual allegations, the pleading requirement does not demand a more stringent showing. The <u>Aguas</u> decision is instructive to understanding a court's analysis on the merits of Chowdhury's supervisory status. However, the <u>Aguas</u> inquiry is well-beyond the scope of this Court's inquiry for the purposes of a fraudulent joinder analysis. While it may appear from the pleadings that recovery is very remote and unlikely, the pleading standard does not consider whether a claim will succeed on the merits. <u>Swierkiewicz v. Sorema N.A.</u>, 534 <u>U.S.</u> 506, 513 (1992)(citing <u>Scheuer v. Rhodes</u>, 416 <u>U.S.</u> 232, 236 (1974). The Court's fraudulent joinder analysis is identical as it may not consider the merits of Plaintiff's claims but may only inquire as to whether the claims asserted against nondiverse parties are colorable. <u>Batoff</u>, 977 F.2d 848 at 852. As Plaintiff has pled that Defendant Chowdhury was a "team leader," the inquiry of whether Plaintiff's claims against Defendant Chowdhury state at least a plausible cause of action under the New Jersey Law Against Discrimination (NJLAD) was properly decided by the Magistrate Judge in the affirmative. <u>In re Briscoe</u>, 448 F.3d at 217.

Defendant further argues that the Magistrate Judge improperly relied upon Plaintiff Zurinah Perry's Certification in reaching his decision. The Magistrate's Report and Recommendation found that:

> [t]he allegations of the Complaint and Plaintiff's Certification persuade the Undersigned that Defendants have not met their heavy burden to establish fraudulent joinder of Defendant Chowdhury. Plaintiff has presented at least a plausible case for holding Defendant Chowdhury liable as a supervisor. At a minimum, it is not "wholly insubstantial and frivolous" when measured against the *Aguas* court's inclusive standards for a supervisor.

(Docket Entry No. 11 at p. 9)(citation omitted).

4

Case law is well-settled that courts may look beyond the pleadings in a fraudulent joinder analysis, so long as the court's focus does not exceed the threshold jurisdictional issue. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32-33 (3d Cir. 1985)(in the phase of the analysis to consider fraudulent joinder, the Court "must look beyond the allegations of Plaintiff's Complaint" but not into the legal merits); Boyer v. Snap-On Tools Corp., 913 F.2d 108, 112 (3d Cir. 1990)(limited piercing of the allegations in the complaint is appropriate to decide whether Plaintiff has asserted a colorable ground supporting the claim against the joined defendant). A claim is considered "colorable" when it is not "wholly insubstantial and frivolous." Batoff, 977 F.2d at 852.

Defendant cites to four cases, three of which are unpublished and none of which are directly on point, in taking the position that Plaintiff's certification cannot be considered. Defendant's reliance on In re Briscoe, a removal action based upon fraudulent joinder, is misplaced. There, the Court's inquiry was limited to the applicability of a statute of limitations defense to claims against non-diverse defendants such that the Court considered defendant's advancement of "reliable evidence" which may be found in prior court records or other matters subject to judicial notice. In re Briscoe, 448 F.3d at 219-20. The holding in Briscoe permitting consideration of such "reliable evidence" presented by defendant is restricted to statute of limitations inquiries in the context of a fraudulent joinder analysis which is inapposite to this matter. Thus, this Court's consideration of evidence beyond the Complaint is not limited as it was in Briscoe.

Defendant further relies on three unpublished matters in its proposition that courts in this District have refused to consider certifications in a fraudulent joinder analysis. (Docket Entry

No. 12 at p. 6). Defendant entirely mischaracterizes the case holdings as those courts were faced with certifications submitted by defendants in an attempt to contradict and/or dispute the allegations of the complaint. Freichs v. Lifestar Response Corp., 2009 WL 3754190, at *1 n.3 (D.N.J. Nov. 5, 2009)(the court refused to consider a defendant's affidavit submitted in an attempt to dispute a plaintiff's complaint); Melendez v. Colorite Plastics Company, 2015 WL 6745841, at *6 (D.N.J. Oct. 19, 2015)(the court determined that it would be improper to consider a declaration submitted to contradict the allegations in the complaint); Holguin v. Kohl's Department Store, Inc., 2016 WL 922130, at *2-3 (D.N.J. Feb. 19, 2016)(finding that even if the court entertained a defendant's certification, the facts therein are not dispositive of the claims asserted in the complaint against the non-diverse defendant). None of these cases contemplated whether a court could consider a plaintiff's certification in connection with the limited piercing of the complaint in a fraudulent joinder analysis. In the absence of any caselaw prohibiting this Court's consideration of Plaintiff's certification, the Magistrate Judge properly relied upon her certification in the Report and Recommendation.

Assuming *arguendo* that the Court only considers Plaintiff's Complaint, Plaintiff has pled sufficient facts in accordance with the "short and plain statement" pleading requirements to plausibly hold Defendant Chowdhury liable as a supervisor. Moreover, the limited piercing of the Complaint undertaken by the Magistrate Judge was correct and no legal authority has been presented to the contrary. Therefore, Defendant's fraudulent joinder argument fails.

To the extent the Court rejects the Magistrate Judge's Report and Recommendation, it must then return to Plaintiff's initial Motion to Remand to consider each of the grounds for relief as the Magistrate Judge did not reach the factual and legal analysis respecting Plaintiff's claims

against Defendant Buison for purposes of the joinder analysis. (Docket Entry No. 11 at p. 2, footnote 1). Plaintiff respectfully posits that the allegations presented against Defendant Buison are likewise sufficient.

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court approve the Magistrate Judge's Report and Recommendation to grant Plaintiff's Motion to Remand.

                                                Respectfully submitted,

                                                SMITH EIBELER, LLC

                                                */s/ Robert W. Smith*

Dated:  February 21, 2018                  ROBERT W. SMITH