**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ZURINAH PERRY, | : | |
| Plaintiff, | : | Civil Action No. 17-6676 (ES) (MAH) |
| v. | : | MEMORANDUM OPINION |
| ADT LLC, et al., | : | |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Defendant ADT ("Defendant ADT") removed this action from state court, which arises out of alleged violations of the New Jersey Law Against Discrimination (the "NJLAD"). Plaintiff Zurinah Perry's ("Perry") moved to remand this action (D.E. No. 6), which Defendant ADT opposed (D.E. No. 9). This Court referred Perry's motion to the Honorable Michael A. Hammer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Hammer issued a Report and Recommendation (the "R & R") that the Undersigned grant Perry's motion and remand this matter. (D.E. No. 11). Defendant ADT subsequently filed objections to the R & R (D.E. No. 12), which Perry then responded to (D.E. No. 13). "When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

As set forth below, the Court ADOPTS the R & R in relevant part and GRANTS Perry's

motion to remand in relevant part.

**1. Background.** Because the Court writes primarily for the parties (and assumes their familiarity with the facts and procedural history of this matter), the Court addresses those facts bearing directly on the instant appeal in its discussion below.

**2. Removal Jurisdiction.** "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a defendant may remove a state-court civil action to a federal court that has original jurisdiction over the action. But a removing party "carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (internal quotation marks and citation omitted). In fact, "the removal statute should be strictly construed and all doubts should be resolved in favor of remand" because "lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile." *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985).

"As a general matter, a district court has diversity jurisdiction over state-law claims if the amount in controversy exceeds $75,000 and there is complete diversity amongst the parties." *Rose v. Husenaj*, 708 F. App'x 57, 59 (3d Cir. 2017) (citing 28 U.S.C. § 1332(a)). "Jurisdiction under § 1332(a) requires complete diversity, meaning that no plaintiff can be a citizen of the same state as any of the defendants." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (internal quotation marks and citation omitted).

**3. The Fraudulent Joinder Doctrine.** "The fraudulent joinder doctrine permits courts to ignore the citizenship of a non-diverse defendant for diversity purposes if the plaintiff's

joinder of that defendant is 'fraudulent.'" *Hogan v. Raymond Corp.*, 536 F. App'x 207, 210 (3d Cir. 2013) (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006)). Thus, the "doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *Briscoe*, 448 F.3d at 215-16 (citation omitted).

"Joinder is fraudulent where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (internal quotation marks and citations omitted). "The plaintiff's mere failure to state a claim does not satisfy this standard, and the plaintiff's claim must instead be so 'wholly insubstantial and frivolous' as to fail to invoke the subject matter jurisdiction of the District Court." *Hogan*, 536 F. App'x at 210 (quoting *Batoff*, 977 F.2d at 852).

The Third Circuit has "stated numerous times that, in applying the fraudulent joinder doctrine, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed." *Id.* at 210-11 (internal quotation marks and citations omitted). And "the district court must assume as true all factual allegations of the complaint" and "must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Batoff*, 977 F.2d at 851-52 (internal quotation marks and citations omitted). The removing defendant "carries a heavy burden of persuasion" to show "that the non-diverse party was fraudulently joined." *Id.* at 851 (internal quotation marks and citations omitted).

**4.    The R & R.**  Magistrate Judge Hammer concluded that Defendant Masud Chowdhury ("Defendant Chowdhury") was not fraudulently joined and complete diversity doesn't exist. (*See* D.E. No. 11 at 8-9). His Honor reasoned that Defendant Chowdhury can be held liable under the NJLAD as a supervisor—and, notably, Defendant ADT had not met the

heavy burden to establish fraudulent joinder because Perry "has presented at least a plausible case for holding Defendant Chowdhury liable as a supervisor." (*See id.*). In so doing, Magistrate Judge Hammer stated that: the "question before this Court is solely whether [Perry's] claims against Defendant Chowdhury possibly state a cause of action under NJLAD" and "that the claims satisfy that standard." (*Id.* at 9 (citation omitted)).

  **5.  Discussion.**

   a.  *The Parties' Responses to the R & R*

Defendant ADT confirms that the "sole issue before the Court is whether" Perry "fraudulently joined" Defendant Chowdhury. (D.E. No. 12 at 2). It faults Magistrate Judge Hammer for "not limit[ing] his review to the allegations contained in the Complaint at the time of removal" and instead "exceed[ing] the scope of his review when he relied on the numerous factual allegations contained in Plaintiff's supplemental Certification to reach" his conclusion. (*Id.*). Defendant ADT contends that "glaringly absent from the Complaint are any factual allegations showing that [Defendant] Chowdhury could possibly be found liable as a supervisor" and therefore Defendant Chowdhury cannot be held liable under the NJLAD—which makes joinder of this Defendant fraudulent. (*Id.* at 2-3). The crux of Defendant ADT's objection appears to be that it was improper for Magistrate Judge Hammer to consider a certification submitted with Perry's motion to remand that purported "to refute that [Defendant] Chowdhury was a non-supervisor co-worker" and that Perry's "Complaint contained no factual allegations indicating that [Defendant] Choudhury [sic] was a supervisor." (*See id.* at 3-6).[1]

Perry responds by arguing that her allegations are sufficient to support that Defendant Chowdhury is a supervisor. (D.E. No. 13 at 2). In particular, Perry states that her "allegation in

---

[1] The Court need not address Defendant ADT's argument concerning the certification given the analysis below.

the Complaint that Defendant Chowdhury is a 'team leader' is sufficient at the pleading phase of litigation to withstand a fraudulent joinder analysis." (*Id.*). Regarding Defendant ADT's complaint about the certification, Perry argues that none of the cases Defendant ADT cites "contemplated whether a court could consider a plaintiff's certification in connection with the limited piercing of the complaint in a fraudulent joinder analysis" and "the Magistrate Judge properly relied upon her certification in the Report and Recommendation." (*Id.* at 6).

    b. *Analysis*

At the time of removal, Perry alleged the following (in relevant part).

Defendant Chowdhury "was employed as a team leader of the Residential Sales Team." (D.E. No. 1-1 ¶ 5). The other named individual Defendants had the following roles: "Scott Shay was employed as the Residential Sales Manager and was a supervisor of [Perry] at times relevant in this action"; "Abdul Mahbut was employed as a Residential Sales Representative"; and "Anthony Buison was employed as a Residential Sales Representative." (*Id.* ¶¶ 4, 6 & 7). Perry "was the only female and African American Residential Sales Representative on the Residential Sales Team during her employment." (*Id.* ¶ 16). When Perry started her employment, "Defendant Chowdhury yelled to the office that, 'Nobody should say anything to [Perry] because she will call Al Sharpton and Black Lives Matter.'" (*Id.* ¶ 23). Among other allegations, "Defendant Chowdhury would purposely belch in [Perry's] face in the presence of other people to further harass and humiliate her." (*Id.* ¶ 25). "Defendant Chowdhury continued harassing [Perry] after her complaints to Defendant Shay." (*Id.* ¶ 46).

The Court must answer the following question: has Defendant ADT carried its *heavy burden of persuasion* and shown that Perry's claim that Defendant Chowdhury holds a supervisory position under the NJLAD is *wholly insubstantial and frivolous*—assuming as true

all of Perry's factual allegations and resolving any uncertainties as to the current state of controlling substantive law in favor of Perry? The Court cannot answer this question in the affirmative.

It is true that Perry alleges Defendant Shay "was employed as the Residential Sales Manager and was *a* supervisor of [Perry] at times relevant in this action." (D.E. No. 1-1 ¶ 4 (emphasis added)). But Perry didn't allege that Defendant Shay was "the" supervisor or her "only" supervisor, for example, which plainly leaves open the possibility that Perry had other supervisors for purposes of the NJLAD. *See Aguas v. State*, 107 A.3d 1250, 1253 (N.J. 2015) ("We hold that an allegedly harassing employee is the complainant's supervisor if that employee had the authority to take or recommend tangible employment actions affecting the complaining employee, or to direct the complainant's day-to-day activities in the workplace."); (*cf.* D.E. No. 1-1 ¶ 46 ("Defendant Chowdhury continued harassing [Perry] after her complaints to Defendant Shay.")).

Moreover, Defendant Chowdhury is alleged to be "a team leader of the Residential Sales Team"—and Perry was allegedly a sales representative on the "Residential Sales Team." (D.E. No. 1-1 ¶¶ 5, 16). As Magistrate Judge Hammer aptly noted, this distinguishes Defendant Chowdhury's position "from Residential Sales Representatives such as [Perry] and Defendants Mahbut and Buison." (*See* D.E. No. 11 at 8). Further, Defendant Chowdhury allegedly was able to yell certain unfavorable things at Perry, as well as "purposely belch" in her face "in the presence of other people." (*Id.* ¶¶ 23, 25).

The standard the Court must follow is: "if there is even a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Briscoe*,

448 F.3d at 217 (emphasis added) (citation omitted). As inviting as Defendant ADT's position may appear at first blush, it ignores that "the fraudulent joinder inquiry is *not* a Rule 12(b)(6) inquiry." *Briganti v. HMS Host Int'l*, No. 14-4813, 2015 WL 1268300, at *4 (D.N.J. Mar. 16, 2015) (emphasis added).[2] Indeed, long ago the Third Circuit stated: "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted." *Batoff*, 977 F.2d at 852 (ruling that "the district court erred in converting its jurisdictional inquiry into a motion to dismiss").

In sum, given the liberality required for this jurisdictional analysis, the Court finds that Perry asserts a colorable claim against a non-diverse defendant (i.e., Defendant Chowdhury) and declines to "find that [this] non-diverse [party was] fraudulently joined based on its view of the merits of those claims or defenses." *See id.* at 851 (internal quotation marks and citations omitted). After all, this Court's task is to "decide whether a cause of action exists, because 'to inquire any further into the legal merits would be inappropriate in a preliminary jurisdictional determination.'" *Rodriguez v. Burlington Cty. Corr. Dep't*, No. 14-4154, 2015 WL 790521, at *4 (D.N.J. Feb. 25, 2015) (quoting *Briscoe*, 448 F.3d at 219); *see also Melendez v. Colorite Plastics Co.*, No. 15-1931, 2015 WL 6745841, at *6 (D.N.J. Oct. 19, 2015) ("While the facts alleged in the Complaint as to [the non-diverse defendant] are indeed sparse and conclusory, the Court is not permitted in assessing fraudulent joinder to conduct a Rule 12(b)(6)-type analysis under federal pleading standards (especially considering the Complaint was filed in state court under state court pleading standards). Rather, the Court must review the pleading that plaintiff

---

[2] *See also Freichs v. Lifestar Response Corp.*, No. 09-4460, 2009 WL 3754190, at *2-3 (D.N.J. Nov. 5, 2009) ("While the Court agrees that Plaintiff's Complaint is sparse—perhaps so much so that she may have failed to state a cognizable claim against any Defendant under the federal pleading standard articulated by the Supreme Court in its recent decision in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009)—the substantive merits of her claims are not at issue in the pending motion. . . . [T]he Court finds that—regardless of whether Plaintiff's claim meets the standard necessary to overcome a motion to dismiss—the allegations against [the non-diverse defendant] are not 'wholly insubstantial and frivolous,' and his joinder therefore '[sh]ould not be considered fraudulent.'") (quoting *Briscoe*, 448 F.3d at 218) (last alteration in original).

filed in state court under the lens of the forgiving standard of fraudulent joinder.") (internal quotation marks and citation omitted), *report and recommendation adopted by*, 2015 WL 6755277 (D.N.J. Nov. 4, 2015).

**6.** **Conclusion.** Based on the above-referenced precedent and the allegations in this case, the Court rejects that Defendant Chowdhury was fraudulently joined. Accordingly, Perry's motion to remand this matter to the Superior Court of New Jersey, Middlesex County must be granted in relevant part. An appropriate Order accompanies this Memorandum Opinion.

*s/Esther Salas*  
**Esther Salas, U.S.D.J.**